United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-30581
Summary Calendar

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

versus

**HUETTE ALFY BARBER,**

Defendant-Appellant.

**Appeal from the United States District Court
for the Western District of Louisiana
(3:03-CR-30024-1)**

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Huette Alfy Barber appeals from his jury-verdict conviction for theft of Government funds in the form of Social Security Administration (SSA) checks (18 U.S.C. § 641; Count One), making false statements to the SSA as to his assets (42 U.S.C. § 1383(a)(2); Count Two), and failing to disclose his work activities to the SSA (42 U.S.C. § 1383a(a)(3)(A); Count Three). He contends that the evidence at trial was insufficient to support the jury's verdict for each count of conviction. Barber properly preserved

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this issue by moving unsuccessfully for a judgment of acquittal at the close of the Government's case and at the close of all the evidence. *See United States v. Izydore*, 167 F.3d 213, 219 (5th Cir. 1999).

For a sufficiency challenge, the evidence is reviewed to determine whether any rational trier of fact could have found that the evidence established guilt beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318 (1979). In doing so, our court views all evidence and all reasonable inferences drawn from it in the light most favorable to the Government. *E.g., United States v. Gourley,* 168 F.3d 165, 168-69 (5th Cir.), *cert. denied*, 528 U.S. 824 (1999).

For each of his counts of conviction, Barber challenges the sufficiency of the evidence on the ground that the Government failed to present evidence of the eligibility requirements to receive SSA benefits. Such a showing was not an element of Count One. *See United States v. Barnes*, 761 F.2d 1026, 1032 (5th Cir. 1985). Moreover, the Government presented evidence of the eligibility requirements to receive SSA benefits, as well as evidence that Barber was overpaid SSA benefits due to his misrepresentations to the SSA.

For Count two, Barber contends that, without evidence of the SSA eligibility requirements, the jury could not determine whether his misrepresentations were material to his receiving SSA benefits,

a necessary element of the offense.  The Government presented testimony, however, by SSA employees that Barber's misrepresentations affected his potential eligibility for SSA benefits.

For Count three, Barber claims the Government failed to prove beyond a reasonable doubt that he intentionally failed to disclose his work activities in order to receive SSA benefits for which he was ineligible.  As the district court noted, however, a reasonable juror could have inferred the requisite intent from Barber's repeated failure to disclose this information.

*AFFIRMED*